## Case No. 2,399.

### CAREY v. ATKINS et al.

[6 Ben. 562.] [1]

District Court, E. D. New York. June, 1873.

DELIVERY OF CARGO—BILL OF LADING—BREAKAGE.

1. A ship received on board, in Havre, a number of millstones to be carried to New York, under a bill of lading containing the clause "not accountable for breakage." On the delivery of the stones, four were found to be broken, and two others never came to the possession of the consignees, who brought this action against the owners of the ship to recover the value of the six stones: *Held*, That it was incumbent on the owners of the ship, at least, to show that the two missing stones were discharged upon the wharf and placed with the others in that part of it which had been selected for the deposit of the libellant's goods.

2. As the respondents had not furnished such proof, they were liable for the value of the missing stones.

3. It was not made to appear that there was any negligence in stowing or landing the stones, and, under the bill of lading, the respondents were not liable for breakage not shown to have arisen from negligence.

[See note at end of case.]

[Libel by Samuel Carey against the bark Amelia, Joshua Atkins and Edwin Atkins, claimants.]

James K. Hill, for libellant.

Owen, Nash, & Gray, for respondents.

BENEDICT, District Judge. This is an action to recover the value of six millstones, part of a shipment made in Havre, upon the bark Amelia, to be delivered to the libellant in New York. Of a number of stones shipped, two never came to the possession of the libellants; and of those which were received, four were broken. As to the two missing stones, the ship must be held liable, there being no satisfactory evidence of their delivery in New York. They may have been landed from the vessel, but the delivery of the cargo was conducted in a very loose and unsatisfactory way, and the persons who conducted it appear to have little knowledge as to what disposition was afterwards made of the cargo. They know nothing of the missing stones. It was incumbent upon the ship, at least, to be able to show that the missing stones were discharged upon the wharf and placed with the others in that part of the wharf selected for the deposit of the libellant's goods. The testimony furnishes no evidence as to how many of the libellant's stones were landed, nor how many stones were set apart for the libellant upon the wharf, but does disclose that the two missing stones were never receipted for or taken by the carman, and never came into the actual possession of the libellant. The ship is, therefore, liable for their value.

As to the broken stones, the case is differ-

ent. The stowage of the ship is proved to have been good, and there is no evidence of any negligence on the part of the ship in the stowing of the stones or in the landing of them upon the wharf. The bill of lading contains an exemption of liability for breakage; and, upon the proofs, the ship is not liable, upon such a bill of lading, for breakage not shown to have arisen from negligence.

[NOTE. That an exception in the bill of lading from liability for breakage exempts the vessel from loss by breakage not caused by negligence, see Six Hundred and Thirty Casks of Sherry, Case No. 12,918; The Delhi, Id. 3.770; Wilson v. National Steamship Co., Id. 10,112; The Pereire, Id. 10.979; Hus v. Kempf, Id. 6,943. And see. also. Nelson v. Woodruff, 1 Black (66 U. S.) 156; Clark v. Barnwell, 12 How. (53 U. S.) 272.]